## WOMACK *vs.* THE STATE OF GEORGIA.

1. The verdict is sustained by the evidence and in accordance with the law.
2. The law of reasonable doubts was given in the regular charge, and it was surplusage to repeat it.
3. There was no error in ruling that the sayings of the prosecutor, who was a witness, were admissible only for the purposes of impeachment by contradicting his sworn statements. The prosecutor is not a party, and stands before the court and jury as any other witness, to be impeached in the same way; and his statements outside and not under oath are admissible in the same way and for the same general purpose of contradicting him. They cannot be used in argument for another purpose. 7 *Ga.*, 467.
Judgment affirmed.

October 9, 1833. (Hed-notes by the court).

JACKSON, Chief Justice.

---

## WARREN *vs.* THE STATE OF GEORGIA.

Where the judge of the superior court refuses to sanction a petition for *certiorari*, and exception is taken thereto, the unsanctioned petition does not become a part of the record, but must be brought up in the bill of exception, or exhibited thereto, and properly identified by the signature of the presiding judge.
Writ of error dismissed.

October 26, 1833.

---

## WOODWARD *et al. vs.* STILWELL.

The bill of exceptions must contain a brief of the oral and copy of the written evidence. Where a motion for new trial is made, the evidence may be brought up in the record and referred to in the bill of exceptions. But written evidence cannot be abbreviated and merely described in a bill of exceptions *ex parte*.

(*a.*) The motion to dismiss was based on the ground that interrogatories were written evidence, and must be copied in full, and also, that the bill of exceptions stated that a note and written agreement between certain named parties was introduced in evidence, but did not set them out; but the ruling of the court was only that announced above.
Writ of error dismissed.